IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDAN BEDNARZ, | § § § § | |
| Plaintiff, | | |
| vs. | § § § | CIVIL ACTION NO. 3:26-cv-00786-B |
| DACQ, INC. (DBA DIAMOND ACQUISITIONS), COREY DEARMONT, AND PATRICK ANDERSON, | § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' ORIGINAL ANSWER
TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendants DACQ, Inc. (dba Diamond Acquisitions) ("DACQ"), Corey Dearmont ("Dearmont"), and Patrick Anderson ("Anderson") (collectively, "Defendants") in response to Plaintiff's Original Complaint ("Complaint"), deny each and every allegation set forth in the Complaint, except as hereinafter specifically admitted, and specifically answer as follows:

**I.    SUMMARY**

1.    Defendants deny the allegations in paragraph 1 of the Complaint.

2.    Defendants admit that DACQ connects real estate investors with the owners of properties to facilitate the sale of the properties. DACQ does not own the properties but assigns the purchase rights to the investor during the option period in return for an assignment fee. Defendants deny the remaining allegations in paragraph 2 of the Complaint.

3.    Defendants admit that DACQ contracted with Plaintiff Brandan Bednarz ("Plaintiff") to provide services directing sales from approximately October 2023 to November 2025. Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4. Defendants admit that Plaintiff did not invest in DACQ, Plaintiff had an office, Plaintiff had a DACQ e-mail address, and DACQ compensated sales advisors. Defendants deny the remaining allegations in paragraph 4 of the Complaint.

5. Defendants deny the allegations in paragraph 5 of the Complaint.

6. The allegations in paragraph 6 of the Complaint state conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

## II. PARTIES

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint.

8. Defendants admit the allegations in paragraph 8 of the Complaint.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

10. Defendants admit the allegations in paragraph 10 of the Complaint.

## III. JURISDICTION AND VENUE

11. The allegations in paragraph 11 of the Complaint state a legal conclusion to which no response is required.

12. Defendants admit that venue is proper. Defendants deny the remaining allegations in paragraph 12 of the Complaint.

## IV. FLSA COVERAGE

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

## V. FLSA INDIVIDUAL LIABILITY

16. Defendants deny the allegations in paragraph 16 of the Complaint.

## VI.   FACTUAL BACKGROUND

17.   Defendants admit the allegations in paragraph 17 of the Complaint.

18.   Defendants admit the allegations in paragraph 18 of the Complaint.

19.   Defendants deny the allegations in paragraph 19 of the Complaint.

20.   Defendants admit the allegations in paragraph 20 of the Complaint.

21.   Defendants admit the allegations in paragraph 21 of the Complaint.

22.   Defendants admit the allegations in paragraph 22 of the Complaint.

23.   Defendants admit the allegations in paragraph 23 of the Complaint.

24.   Defendants deny the allegations in paragraph 24 of the Complaint.

25.   Defendants admit the allegations in paragraph 25 of the Complaint.

26.   Defendants deny the allegations in paragraph 26 of the Complaint.

27.   Defendants admit Dearmont and Anderson have invested in DACQ.  Defendants deny the remaining allegations in paragraph 27 of the Complaint.

28.   Defendants admit the allegations in paragraph 28 of the Complaint.

29.   Defendants admit that the Direct or Acquisitions and the Director of Sales report to Dearmont and Anderson.  Defendants deny the remaining allegations in paragraph 29 of the Complaint.

30.   Defendants deny the allegations in paragraph 30 of the Complaint.

31.   Defendants admit that DACQ has an acquisition team and a sales team.  Defendants deny the remaining allegations in paragraph 31 of the Complaint.

32.   Defendants deny the allegations in paragraph 32 of the Complaint.

33.   Defendants admit that it provides workers access to a suit of SaaS technology solutions.  Defendants deny the remaining allegations in paragraph 33 of the Complaint.

**DEFENDANTS' ORIGINAL ANSWER**
**TO PLAINTIFF'S ORIGINAL COMPLAINT**                                             **Page 3**

34.     Defendants admit the allegations in paragraph 34 of the Complaint.

35.     Defendants admit the allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants admit that Dearmont and Anderson control DACQ. Defendants deny the remaining allegations in paragraph 37 of the Complaint.

38.     Defendants admit that DACQ installed cameras in its office and uses an app to record business calls. Defendants deny the remaining allegations in paragraph 38 of the Complaint.

39.     Defendants admit that DACQ contracted with Plaintiff to provide services from approximately October 2023 to November 2025. Defendants deny the remaining allegations in paragraph 39 of the Complaint.

40.     Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants admit that Plaintiff signed an Independent Contractor Agreement, which included a covenant not to compete. Defendants deny the remaining allegations in paragraph 42 of the Complaint.

43.     Defendants admit that Plaintiff performed services in DACQ's office. Defendants deny the remaining allegations in paragraph 43 of the Complaint.

44.     Defendants admit the allegations in paragraph 44 of the Complaint.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Defendants deny the allegations in paragraph 47 of the Complaint.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Defendants admit the allegations in paragraph 50 of the Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Defendants admit the allegations in paragraph 52 of the Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants admit the allegations in paragraph 54 of the Complaint.

55.     Defendants admit DACQ typically paid Plaintiff on the 1st and 15th Day of each month after a transaction closed and was funded.  Defendants deny the remaining allegations in paragraph 55 of the Complaint.

56.     Defendants admit the allegations in paragraph 56 of the Complaint.

57.     Defendants admit the allegations in paragraph 57 of the Complaint.

58.     Defendants admit the allegations in paragraph 58 of the Complaint.

59.     Defendants admit that Plaintiff performed services in DACQ's office.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 59 of the Complaint.

60.     Defendants admit that Plaintiff used his own desk, chair, laptop, and smartphone. Defendants deny the remaining allegations in paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61of the Complaint.

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

## VII.   CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

63.     Defendants incorporate the answers above as if stated fully herein.

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

65.    Defendants deny the allegations in paragraph 65 of the Complaint.

66.    Defendants deny the allegations in paragraph 66 of the Complaint.

67.    Defendants deny the allegations in paragraph 67 of the Complaint.

68.    Defendants deny the allegations in paragraph 68 of the Complaint.

69.    The allegations in paragraph 69 of the Complaint state conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

## VIII.    MISCELLANEOUS

70.    The allegations in paragraph 70 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

71.    Defendants admit the allegations in paragraph 71 of the Complaint.

## IX.    PROHIBITION ON RETALIATION

72.    The allegations in paragraph 72 of the Complaint state legal conclusions to which no response is required.

## X.    RELIEF SOUGHT

73.    Defendants admit that Plaintiff seeks the relief requested in paragraph 73 of the Complaint but deny that Plaintiff is entitled to such or any relief.  Defendants deny any and all further allegations in the "Relief Sought" section of the Complaint including subparagraphs a.-e. of paragraph 73 of the Complaint.

Defendants deny all allegations not specifically admitted herein.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

In further answering the Complaint, without assuming any burden of proof that would otherwise rest with Plaintiff, Defendants states the following affirmative and other defenses:

1.    Plaintiff has failed to state a claim upon which relief may be granted.

**DEFENDANTS' ORIGINAL ANSWER**
**TO PLAINTIFF'S ORIGINAL COMPLAINT**                                                **Page 6**

2.      Plaintiff provided services as an independent contractor.

3.      If Plaintiff was an employee, then Plaintiff was exempt from overtime pursuant to the Section 7(i).

4.      Without assuming the burden of proof, any alleged violation of the FLSA by Defendants was not willful, and therefore all claims are limited to a two-year limitations period calculated from the date Plaintiff filed suit.

5.      Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, including, but not limited to, 29 U.S.C. § 255.

6.      If Plaintiff was an employee, then Plaintiff's claims are barred for time allegedly worked by them without Defendants' actual or constructive knowledge.

7.      If Plaintiff was an employee, then Plaintiff is not entitled to recover for non-compensable time.

8.      If Plaintiff was an employee, then Plaintiff may not obtain relief for preliminary and postliminary acts under the Portal-to-Portal Act.

9.      If Plaintiff was an employee, then Plaintiff may not seek wages for time that is de minimis.

10.     Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative or other defenses available.  Defendants reserve the right to amend and add additional defenses as deemed necessary and permitted by the Court.

**DEFENDANTS' ORIGINAL ANSWER**
**TO PLAINTIFF'S ORIGINAL COMPLAINT**                                        **Page 7**

**DEFENDANTS' PRAYER FOR RELIEF**

For the foregoing reasons, Defendants request that Plaintiff's Original Complaint be dismissed with prejudice and that Defendants be awarded their costs, attorneys' fees, and such other and further relief, at law or in equity, to which they are justly entitled.

Respectfully submitted,

*/s/ John B. Brown*
John B. Brown
Texas State Bar No. 00793412
John.Brown@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.**
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX  75225
214-987-3800
214-987-3927 (Fax)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of May 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ John B. Brown*
John B. Brown

**DEFENDANTS' ORIGINAL ANSWER
TO PLAINTIFF'S ORIGINAL COMPLAINT**                                    **Page 8**